IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTHONY C. KENNEY,     §     | | |
| Plaintiff,     § | | |
| § | | |
| v.     § | | 3:15-CV-2260-D-BK |
| § | | |
| ADMINISTRATIVE RECORDS     § | | |
| DEPARTMENT OF PUBLIC SAFETY     § | | |
| RECORDS DEPARTMENT,     § | | |
| Defendant.     § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this civil action was automatically referred to the United States Magistrate Judge. Plaintiff neither paid the filing fee nor sought leave to proceed *in forma pauperis*. For the reasons that follow, it is recommended that this case be summarily dismissed in light of prior sanctions imposed against him.

**I. BACKGROUND**

On July 8, 2015, Plaintiff, an Oklahoma resident, filed a *pro se Petition and Order for Full Pardon & Motion to Seal & Expungement Under Act 1460:ACA16*. Doc. 1. He names as Defendant the Administrative Records Department of Public Safety Records in Austin, Texas. Plaintiff seeks "to modify records from the Arkansas crime information center and the Texas department of public safety records." Doc. 1 at 1. He claims these departments "hold[] unwanted . . . records from [sic] many years ago that is unexpungeable  [and] that is malicious to ones 2nd amendment rights under Nics [sic] FBI background check system appeal rights firearm gun laws report." Doc. 1 at 1. Plaintiff states that he "has been filing pardon to Governers [sic] office for more then [sic] 18 years since and never any one pardon has been given." Doc. 1 at 1.

The remainder of the complaint reads in its entirety as follows:

> *UNDER SECTION 1290.25 LGISLATIVE POLICY STATE ISSUEING LICENSES FOR LAWFUL SELF DEFENSE PROTECTION TO ENSURE THAT NO HONEST LAW ABIDING CITIZEN IS SUBJECTIVELY OR ARBITRARILY DENIED RIGHTS LIABILITY INTRUDERS TO HOMES OR PLACES OF BUSINESS AS A LESSEE OR TITLE HOLDERS DWELLING RESIDENCE WHO FILLS DEFENSIVE FORCE RIGHTS OF IMMINET PERIL OF SAFTY CONFISCATION OF PROPERTY RIGHTS1TITLE 211289.25.PLAINTIFF FILED SEVERAL PARDONS UNDER ACT 1460 A.C.A 16-901401 UNDER THIS ACT FOR YEARS TO TEXAS AND ARKANSAS AND TO THE OKLAHOMA STATE PARDON BOARD AND TO THE NICS FBI APPEAL BOARD FOR TITIL 2 RIGHTS SINCE 1989 AND NEVER EXISTING ANY IMPLICATION TO PROMPTLY ENTITLE THE PARDON SECTION 1290 STATUES OF OKLAHOMA SELF DEFENSE ACT.ONLY THE PARDONS FROM TEXAS SINCE 1984 AND ARKANSAS SINCE 1998 ARE ALWAYS DENIED UNDER*
> *ACT 1460 ACA 16-90-1401 AS NON VIOLENT OFFENDER WHO LIVES ON SECTION 8 HOUSEING INTULSA OKLAHOMA BEING ON DISSABILITY BENEFITS BEING TESTIMONY FOR RELIEF SECTION 1290 STATUTES CODE OF CONDUCT 18U.S.C1623 TIT/LE 2 APPEALANT DECLARATORY RELIEF AND PRIVILEGES WHO ASK FOR LGISLATIVE POLICY WHO ISSUE THESE SELF DEFENSE LICENSING ONLY THAT TEXAS DEPARTMENT OF PUBLIC SAFTY AND ARKANSAS CRIME INFORMATION CENTER WHO HOLDS INFORMATION THAT IS TO LONG AGO AND DOSES NOT EXIST IN COUNTY FILES FOR EXPUNGMENT THAT THE NICS APPEAL FBI STATES TO MODIFY TO THEM FOR TO PASS THE NICS APPEAL FILES11/EVEN STILL BEING ELGIBLE FOR PARDONS THESE PROGRAMS ARE ONLY DENIED EVERY YEAR STILL FILEING TILE NOW.*

Doc. 1 at 3-4 (misspelling in complaint).

Contemporaneously with the petition in this case, Petitioner filed two identical petitions against the Texas Governor and the Arkansas Crime Information Center Record Department. *See Kenney v. Arkansas Crime Information Center*, No. 3:15-CV-2258-M-BH (N.D. Tex. 2015) (transferred to the United States District Court for the Eastern District of Arkansas); *Kenney v. Abbott*, No. 3:15-CV-2257-G-BH (N.D. Tex. 2015) (pending screening).

A review of his prior filings nationwide reflects that Plaintiff is no stranger to the federal courts, having filed over seventy actions. *See* PACER printout (Attachment A). In 2010, the

United States District Court for the Northern District of Oklahoma barred Plaintiff (who had filed thirty civil actions by then) from filing any further complaints in that court without first obtaining permission from the Chief Judge.  *See Kenney v. Oklahoma Comptroller*, No. 4:10-CV-0137 (N.D. Ok. Sep. 27, 2010) (Attachment B). The Court found that Plaintiff's "numerous frivolous filings, often in forma pauperis, ha[d] created an abusive practice." *Id.*  In addition, the United States Court of Appeals for the Tenth Circuit has warned Plaintiff, who has brought more than twenty appeals before that court, that "any future frivolous, malicious, or abusive filings will put him at the risk of sanctions, including possible filing restrictions in this court." *Kenney v. Oklahoma*, 601 Fed. App'x 761 (10th Cir. 2015).

## II. ANALYSIS

Federal courts have the authority to levy sanctions against *pro se* litigants and attorneys who violate Rule 11(b), of the Federal Rules of Civil Procedure.  *See* FED. R. CIV. P. 11(b) and (c)(1); *Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 802-03 (5th Cir. 2003) (a violation of any provision of Rule 11(b) justifies sanctions).  Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims.  *Mendoza v. Lynaugh,* 989 F.2d 191, 195-197 (5th Cir. 1993).  *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).  Moreover, litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees -- indeed, are not entitled to sue and appeal, period." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

Here, even under the most deferential review, Plaintiff's complaint fails to comply with the requirements of FED. R. CIV. P. 8(a).  His allegations also border on the fantastic and the

delusional.  See *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).  Therefore, his complaint is frivolous and malicious.

In light of the frivolous nature of the complaint, the filing restriction imposed in the Northern District of Oklahoma, and the lengthy and notorious history of filing frivolous lawsuits, Plaintiff should not be permitted to proceed *in forma pauperis* and should be barred from filing future *in forma pauperis* actions in this Court without first seeking leave to file.  See FED. R. CIV. P. 11(b)(2) and (c)(1); *Canzoneri v. McCormick*, No. 3:12-CV-1241-G-BK, 2012 WL 1864309 (N. D. Tex. Apr. 26, 2012), recommendation accepted, 2012 WL 1864282 (N.D. Tex. May 22, 2012) (denying *in forma pauperis* motion and barring Plaintiff from filing future *in forma pauperis* actions without first obtaining leave to file because of plaintiff's history of filing frivolous, repetitive lawsuits).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that, insofar as Plaintiff seeks leave to proceed *in forma pauperis* (as he has done in numerous prior frivolous filings nationwide), his request be **DENIED**, and that Plaintiff be **BARRED** from filing future *in forma pauperis* actions in this Court without first seeking leave to file.  It is further recommended that Plaintiff be **WARNED** that the continued submission of frivolous actions and documents may result in the imposition of additional sanctions, including monetary penalties.

SIGNED July 16, 2015.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

# ATTACHMENT A



**Civil Party Search**
Mon Jul 13 12:59:25 2015
73 records found

**User:** libraryus4502
**Client:** null
**Search:** Civil Party Search Name Kenney, Anthony C All Courts Page: 1

| # | Party Name ▼ | Court | Case | NOS | Date Filed | Date Closed |
|---|---|---|---|---|---|---|
| 1 | Kenney, Anthony C (pla)<br>Kenney v. Dunby, et al | aredce | 4:1999-cv-00879 | 442 | 11/30/1999 | 05/15/2000 |
| 2 | Kenney, Anthony C (pla)<br>Kenney v. Sedgwick Claims Management National et al | txndce | 3:2015-cv-00821 | 360 | 03/13/2015 | |
| 3 | Kenney, Anthony Charles (pla)<br>Kenney v. Harold Ives Trucking | aredce | 4:1996-cv-00753 | 442 | 09/23/1996 | 08/26/1997 |
| 4 | Kenney, Anthony Charles (pla)<br>Kenney v. Norris | aredce | 5:1995-cv-00710 | 550 | 12/18/1995 | 01/30/1996 |
| 5 | Kenney, Anthony C (pla)<br>Kenney v. Arkansas Crime Information Center | aredce | 4:2015-cv-00421 | 440 | 07/10/2015 | |
| 6 | Kenney, Anthony C (pla)<br>Kenney v. Administrative Records Department of Public Safety Records Department | txndce | 3:2015-cv-02260 | 550 | 07/08/2015 | |
| 7 | Kenney, Anthony Charles (pla)<br>Kenney v. Labor World, et al | aredce | 4:1996-cv-00957 | 442 | 12/06/1996 | 04/29/1997 |
| 8 | Kenney, Anthony Charles (pla)<br>Kenney v. Norris | aredce | 5:1996-cv-00043 | 530 | 01/19/1996 | 05/13/1996 |
| 9 | Kenney, Anthony C (pla)<br>Kenney v. Musgreves, et al | aredce | 4:1999-cv-00878 | 442 | 11/30/1999 | 06/27/2000 |
| 10 | Kenney, Anthony C (pla)<br>Kenney v. Oklahoma State of | okwdce | 5:2014-cv-00463 | 440 | 05/07/2014 | 01/29/2015 |
| 11 | Kenney, Anthony Charles (pla)<br>Kenney v. Willis Shaw Express | aredce | 4:1996-cv-00752 | 442 | 09/23/1996 | 05/01/1997 |
| 12 | Kenney, Anthony Charles (pla)<br>Kenney v. Norris | aredce | 5:1995-cv-00707 | 530 | 12/15/1995 | 02/21/1996 |
| 13 | Kenney, Anthony C (pla)<br>Kenney v. Norris | aredce | 4:1998-mc-00009 | 999 | 01/26/1998 | 05/14/1998 |
| 14 | Kenney, Anthony C (pla)<br>Kenney v. Lambie | okwdce | 5:2012-cv-00935 | 360 | 08/27/2012 | 11/28/2012 |
| 15 | Kenney, Anthony Charles (pla)<br>Kenney v. Doe | aredce | 4:1995-cv-00143 | 550 | 03/08/1995 | 04/05/1995 |
| 16 | Kenney, Anthony Charles (pla)<br>Kenney v. Norris | aredce | 5:1994-cv-00193 | 530 | 04/21/1994 | 06/08/1994 |
| 17 | Kenney, Anthony C (pla)<br>Kenney v. Bates et al | mndce | 0:2012-cv-01279 | 442 | 05/29/2012 | 06/21/2012 |
| 18 | Kenney, Anthony C (pla)<br>Kenney v. Abbott | txndce | 3:2015-cv-02257 | 440 | 07/08/2015 | |
| 19 | Kenney, Anthony Charles (pla)<br>Kenney v. Ivey Mechanical, et al | aredce | 4:1996-cv-00958 | 442 | 12/06/1996 | 09/04/1997 |
| 20 | Kenney, Anthony Charles (pla)<br>Kenney v. Morgan | aredce | 5:1996-cv-00107 | 550 | 02/20/1996 | 03/29/1996 |
| 21 | Kenney, Anthony C (pla)<br>Kenney v. Munsey Products Inc, et al | aredce | 4:1998-cv-00047 | 442 | 01/26/1998 | 10/13/1998 |
| 22 | Kenney, Anthony C (pla)<br>Kenney v. AG Equipment Co et al | okwdce | 5:2011-cv-01120 | 440 | 10/03/2011 | 10/05/2011 |
| 23 | Kenney, Anthony C. (pla)<br>Kenney v. NKC of America | tnwdce | 2:2007-cv-02196 | 440 | 03/12/2007 | 07/31/2007 |
| 24 | Kenney, Anthony Charles (pla)<br>Kenney v. Morgan, et al | aredce | 5:1993-cv-00491 | 550 | 08/12/1993 | 09/30/1993 |
| 25 | Kenney, Anthony C (pla)<br>Kenney v. Egan | aredce | 4:2007-cv-00067 | 442 | 01/29/2007 | 05/01/2007 |
| 26 | Kenney, Anthony C (pla)<br>Kenney v. Arkansas Crime Information Center | txndce | 3:2015-cv-02258 | 550 | 07/08/2015 | 07/09/2015 |
| 27 | Kenney, Anthony Charles (pla)<br>Kenney v. Jack Langston, et al | aredce | 4:1996-cv-00758 | 442 | 09/25/1996 | 12/19/1996 |
| 28 | Kenney, Anthony Charles (pla)<br>Kenney v. Norris | aredce | 5:1996-cv-00032 | 550 | 01/18/1996 | 02/27/1996 |
| 29 | Kenney, Anthony C (pla)<br>Kenney v. SSA | aredce | 4:1997-mc-00021 | 999 | 02/03/1997 | 02/07/1997 |
| 30 | Kenney, Anthony C (pla)<br>Kenney v. NICS Appeal Dividsion FBI Information Services Clarksburg | okndce | 4:2007-cv-00351 | 440 | 06/21/2007 | 06/10/2009 |
| 31 | Kenney, Anthony C. (pla)<br>Kenney v. Dept. of Public Records of Texas et al | lamdce | 3:2015-cv-00232 | 440 | 04/13/2015 | |
| 32 | Kenney, Anthony Charles (pla)<br>Kenney v. Norris | aredce | 5:1992-cv-00756 | 550 | 11/23/1992 | 01/13/1993 |
| 33 | Kenney, Anthony C (pla)<br>Kenney v. Taylor | aredce | 4:1999-cv-00877 | 442 | 11/30/1999 | 01/19/2000 |
| 34 | Kenney, Anthony C (pla)<br>Kenney v. Long Term Care Partners LLC et al | okwdce | 5:2012-cv-01276 | 440 | 11/19/2012 | 11/26/2012 |
| 35 | Kenney, Anthony Charles (pla)<br>Kenney v. Foster | aredce | 4:1996-cv-00131 | 550 | 02/20/1996 | 03/15/1996 |
| 36 | Kenney, Anthony Charles (pla)<br>Kenney v. Norris | aredce | 5:1995-cv-00646 | 530 | 11/17/1995 | 02/21/1996 |
| 37 | Kenney, Anthony C (pla)<br>Kenney v. Cass | aredce | 4:1997-mc-00147 | 999 | 08/04/1997 | 08/08/1997 |
| 38 | Kenney, Anthony C (pla)<br>Kenney v. Facilities Performance Group et al | okndce | 4:2009-cv-00478 | 440 | 07/22/2009 | 07/28/2009 |

Case 3:15-cv-02260-D-BK   Document 4   Filed 07/16/15   Page 8 of 17   PageID 28

| # | Party Name | Court | Case | NOS | Date Filed | Date Closed |
|---|---|---|---|---|---|---|
| 39 | Kenney, Anthony C. (pla)<br>Kenney v. Prime Recruitors Trucking Co. et al | mowdce | 6:2015-cv-03095 | 440 | 03/13/2015 | 03/19/2015 |
| 40 | Kenney, Anthony Charles (pla)<br>Kenney v. Reed, et al | aredce | 5:1993-cv-00451 | 530 | 07/14/1993 | 09/08/1993 |
| 41 | Kenney, Anthony C (pla)<br>Kenney v. North Amer Van Lines, et al | aredce | 4:1997-cv-00463 | 442 | 06/04/1997 | 01/28/1998 |
| 42 | Kenney, Anthony C (pla)<br>Kenney v. Gas Tech Engineering Corp Human Resource | okndce | 4:2007-cv-00350 | 442 | 06/21/2007 | 11/20/2007 |
| 43 | Kenney, Anthony C. (pla)<br>Kenney v. Egan et al | ksdce | 5:2007-cv-04073 | 442 | 06/11/2007 | 10/05/2007 |
| 44 | Kenney, Anthony Charles (pla)<br>Kenney v. Norris | aredce | 5:1992-cv-00480 | 530 | 08/05/1992 | 11/30/1992 |
| 45 | Kenney, Anthony C (pla)<br>Kenney v. BHT Investment Co, et al | aredce | 4:1997-cv-00041 | 442 | 01/17/1997 | 06/02/1997 |
| 46 | Kenney, Anthony C (pla)<br>Kenney v. Egan et al | okndce | 4:2006-cv-00159 | 442 | 03/15/2006 | 08/11/2006 |
| 47 | KENNEY, ANTHONY C. (pla)<br>KENNEY v. SWIFT TRANSP INC et al | dcdce | 1:2007-cv-00448 | 440 | 03/07/2007 | 03/07/2007 |
| 48 | Kenney, Anthony Charles (pla)<br>Kenney v. Huckabee, et al | aredce | 4:1998-cv-00069 | 442 | 02/03/1998 | 02/17/1998 |
| 49 | Kenney, Anthony C (pla)<br>Kenney v. Fabrication Service, et al | aredce | 4:1997-cv-00462 | 442 | 06/04/1997 | 01/13/1998 |
| 50 | Kenney, Anthony C (pla)<br>Kenney v. Valmont Industries, Inc. et al | okndce | 4:2006-cv-00586 | 440 | 10/24/2006 | 07/31/2007 |
| 51 | KENNEY, ANTHONY C. (pla)<br>KENNEY v. SRT INC | dcdce | 1:2015-cv-00813 | 360 | 06/02/2015 | 06/02/2015 |
| 52 | Kenney, Anthony Charles (pla)<br>Kenney v. Doe | aredce | 4:1998-mc-00028 | 999 | 02/23/1998 | 03/25/1998 |
| 53 | Kenney, Anthony C (pla)<br>Kenney v. SSA | aredce | 4:1997-cv-00106 | 864 | 02/07/1997 | 03/10/1998 |
| 54 | Kenney, Anthony C (pla)<br>Kenney v. Trinity Industries, Inc. et al | okndce | 4:2006-cv-00585 | 440 | 10/24/2006 | 07/27/2007 |

| | |
|---|---|
| **Receipt** | 07/13/2015 12:59:26 11530313 |
| **User** | libraryus4502 |
| **Client** | null |
| **Description** | Civil Party Search<br>Name Kenney, Anthony C All Courts Page: 1<br><br>You have previously been billed for this page. |
| **Pages** | 1 ($0.00) |



**Civil Party Search**
Mon Jul 13 12:59:25 2015
73 records found

**User:** libraryus4502
**Client:** null
**Search:** Civil Party Search Name Kenney, Anthony C All Courts Page: 2

| | Party Name | Court | Case | NOS | Date Filed | Date Closed |
|---|---|---|---|---|---|---|
| 55 | KENNEY, ANTHONY C. (pla) KENNEY v. EGAN et al | dcdce | 1:2007-cv-00541 | 442 | 03/19/2007 | 03/19/2007 |
| 56 | Kenney, Anthony Charles (pla) Kenney v. Cass | aredce | 4:1998-cv-00204 | 440 | 08/08/1997 | 03/31/1998 |
| 57 | Kenney, Anthony C (pla) Kenney v. SSA | aredce | 4:2002-cv-00471 | 864 | 08/05/2002 | 11/25/2003 |
| 58 | Kenney, Anthony C (pla) Kenney v. Harmon et al | okndce | 4:2006-cv-00144 | 890 | 03/08/2006 | 08/11/2006 |
| 59 | KENNEY, ANTHONY C. (pla) KENNEY v. NKC OF AMERICA | dcdce | 1:2007-cv-00293 | 440 | 02/08/2007 | 02/08/2007 |
| 60 | Kenney, Anthony Charles (pla) Kenney v. Arkansas, State of | aredce | 4:1998-cv-00068 | 442 | 02/03/1998 | 04/27/1998 |
| 61 | Kenney, Anthony C (pla) Kenney v. Grable, et al | aredce | 4:2000-cv-00155 | 442 | 03/02/2000 | 04/30/2004 |
| 62 | Kenney, Anthony C (pla) Kenney v. NKC of America | okndce | 4:2006-cv-00132 | 442 | 03/02/2006 | 08/11/2006 |
| 63 | KENNEY, ANTHONY C. (pla) KENNEY v. USA | cofce | 1:2012-cv-00521 | 528 | 08/16/2012 | 08/24/2012 |
| 64 | Kenney, Anthony Charles (pla) Kenney v. Arkansas Cmnty Dept | aredce | 4:1997-cv-00245 | 440 | 03/26/1997 | 06/12/1998 |
| 65 | Kenney, Anthony C (pla) Kenney v. Stoneville Insurance, et al | aredce | 4:2000-cv-00546 | 440 | 07/12/2000 | 08/31/2000 |
| 66 | Kenney, Anthony C (pla) Kenney v. Gill et al | okndce | 4:2006-cv-00143 | 890 | 03/08/2006 | 08/11/2006 |
| 67 | KENNEY, ANTHONY C. (pla) KENNEY v. USA | cofce | 1:2013-cv-00568 | 528 | 08/09/2013 | 01/31/2014 |
| 68 | Kenney, Anthony Charles (pla) Kenney v. Arkansas Cmnty Ctr | aredce | 4:1997-mc-00039 | 999 | 03/12/1997 | 03/26/1997 |
| 69 | Kenney, Anthony C (pla) Kenney v. Dixie Restaurant, et al | aredce | 4:2000-cv-00070 | 442 | 02/01/2000 | 08/08/2000 |
| 70 | KENNEY, ANTHONY C (pla) KENNEY v. SWIFT TRUCKING INC | njdce | 3:2011-cv-04499 | 440 | 08/04/2011 | 10/05/2012 |
| 71 | KENNEY, ANTHONY C. (pla) KENNEY v. USA | cofce | 1:2010-cv-00471 | 138 | 07/19/2010 | 07/30/2010 |
| 72 | Kenney, Anthony Charles (pla) Kenney v. Arkansas, State of | aredce | 4:1996-mc-00159 | 999 | 10/10/1996 | 11/07/1996 |
| 73 | Kenney, Anthony Charles (pla) Kenney v. Dept of Public Safty Records Dept | txwdce | 1:2015-cv-00074 | 440 | 01/27/2015 | 03/19/2015 |

**Receipt** 07/13/2015 13:00:09 11530693
**User** libraryus4502
**Client** null
**Description** Civil Party Search
Name Kenney, Anthony C All Courts Page: 2

You have previously been billed for this page.
**Pages** 1 ($0.00)

# ATTACHMENT B

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTHONY KENNEY, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) Case Number: 10-CV-137-JHP-PJC ) |
| OKLAHOMA COMPTROLLER, | ) ) |
| Defendant. | ) |

OPINION AND ORDER

On March 8, 2010, Plaintiff filed a civil complaint (Doc. No. 1). Plaintiff also filed a motion for leave to proceed *in forma pauperis* (Doc. No. 2).

In the last four years, Plaintiff has filed 30 civil cases in the District Court for the Northern District of Oklahoma. *In Forma Pauperis* has been granted in 19 cases. It has been denied in five cases, moot in one case and pending in five others.[1]

In the 30 cases:
- 4 - Dismissed as frivolous
- 8 - Dismissed for failure to state a claim
- 7 - Dismissed for lack of subject matter jurisdiction
- 3 - Dismissed for failure to prosecute or respond to motions
- 3 - Dismissed for failure to cure IFP deficiencies
- 5 - Cases are still pending

Federal courts have the inherent power under 28 U.S.C. § 1651(a) to regulate the activities of abusive litigants by imposing restrictions under appropriate circumstances. See *Sieverding v. Colo. Bar. Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006); *Winslow v. Hunter (In re Winslow)*, 17 F.3d

---

[1] See attached listing of the cases filed by Kenney in this Court.

314, 315 (10th Cir. 1994); *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1994); *Andrews v. Heaton*, 483 F.3 1070 (10th Cir. 2007); *Springer v. Internal Revenue Serv.*, 2007 WL 1252475 (10th Cir. May 1, 2007)(unpublished). Injunctions restricting further filings are appropriate where (1) the Court sets forth the litigants' lengthy and abusive history; (2) the Court provides guidelines as to what the litigant may do to obtain permission to file an action; and (3) the litigant receives notice and an opportunity to oppose the Court's order before it is implemented. *See Tripati*, 878 F.2d at 353-54. As the Tenth Circuit stated in *Andrews*, 483 F.3d at 1077, "[f]ederal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances."

This Court has reviewed Kenney's filing history in the Northern District of Oklahoma and finds that his numerous frivolous filings, often *in forma pauperis*, have created an abusive practice. Based on Kenney's previously stated filing history in the Northern District, Kenney is hereby enjoined from filing any further complaints in the United States District Court for the Northern District of Oklahoma without first obtaining permission from the Chief Judge.

Kenney is limited to filing new cases with this Court as follows:

1. With respect to any pro se pleading, Kenney is required to submit to the Clerk of this Court, an "Application and Affidavit" for a proposed filing, with the "Proposed Pleading," attached as an exhibit. The Application and Affidavit should request permission of the Court to file the Proposed Pleading and should also contain the information detailed in paragraph one (2), below.

2. The Application and Affidavit must contain Kenney's statement, under penalty of perjury pursuant to 28 U.S.C. § 1947, in proper form, which includes: (a) the legal basis for the Proposed Pleading; (b) the specific factual basis for the Proposed Pleading; (c) a statement

that the issues raised in the Proposed Pleading have never been finally disposed of by any federal or state court and are not barred by the doctrines of res judicata or collateral estoppel; (d) the identity and nature of assistance by any third person in preparing the Proposed Pleading; (e) a statement that the factual allegations and/or legal arguments raised by the Proposed Pleading are (i) not frivolous or made in bad faith, (ii) warranted by existing law, (iii) not made for an improper purpose to cause delay or needless increase in costs, and (iv) not made to avoid any order of any court; (f) a list of all witnesses and attachment of all documents which support the factual allegations of the Proposed Pleading; and (g) the Proposed Pleading which Kenney is requesting that the Court file (attached as an Exhibit to the Application and Affidavit). The Application and Affidavit for Filing shall be scanned and numbered by the Clerk of the Court. However, the Application and Affidavit for Filing shall not be accepted for filing unless it is approved by Order of the Chief Judge or the Chief Judge's designee.

3. The Application and Affidavit, or any documents or pleadings submitted by Kenney to the Clerk of the Court, shall be referred to a United States Magistrate Judge to determine whether the documents or proposed pleadings meet the requirements outlined in paragraph one. The Report and Recommendation of the Magistrate Judge shall be filed of record and reviewed by the Chief Judge, or by a judge designated by the Chief Judge. Kenney is permitted, in accordance with the standard rules providing for objections to a Report and Recommendation, to submit an Objection to the filed Report and Recommendation. The Court Clerk shall file of record any such Objection to the Report and Recommendation in the miscellaneous case established pursuant to this General Order.

4  The Chief Judge or the Judge designated to review the Report and Recommendation shall

review the Objection filed by Kenney, if any, and the Report and Recommendation, and determine whether or not the Proposed Pleading, attached as an exhibit to the Application and Affidavit, or any other document submitted by Kenney shall be filed. Absent the approval of the Chief Judge, or the Chief Judge's designee, the Proposed Pleading or any other submitted pleading or document, except for the Objection to the Report and Recommendation, shall not be filed. If the Chief Judge or the Chief Judge's designee approves the filing, an order shall be entered by that Judge that the Court Clerk shall file the pleading or document. The order of the Chief Judge or the Chief Judge's designee shall also indicate if the pleading or document should be filed in miscellaneous case established pursuant to this General Order, or if a new case number should be opened for the pleading or document. The order of the Chief Judge or the Chief Judge's designee shall, if the pleading or document is accepted for filing, outline any filing restrictions that will remain with respect to future pleadings or documents submitted by Kenney.

Kenney shall have ten (10) days from the date of this Order to file a written objection, limited to fifteen pages, to this imposition of filing restrictions. *See Winslow*, 17 F.3d at 316. If no objections are filed, then the filing restriction shall take effect twenty (20) days from the date of this Order. If Kenney does file an objection, then the filing restriction will not take effect until the Court rules upon the objection.

**IT IS FURTHER ORDERED** that the Court hereby sua sponte **dismisses** plaintiffs' claims against all defendants. This action is hereby **terminated**.

IT IS FURTHER ORDERED that the Court hereby places filing restrictions on plaintiff. Kenney is required to follow the procedure outlined above. The Court will enter a General Order signed by all of the district judges and available to the public reiterating these procedures. Plaintiff shall have ten (10) days from the date of this Order to file an objection, limited to fifteen pages, to the Court's imposition of this filing restriction.

IT IS FURTHER ORDERED that the Court Clerk is directed to provide copies of this order to all District Judges.

*[signature: James H. Payne]*

JAMES H. PAYNE, JUDGE
UNITED STATES DISTRICT COURT

**ATTACHMENT:**

Summary of Anthony Kenney's Filing History:

06-cv-132-JHP-FHM Anthony C Kenney v. NKC of America
    IFP Granted
    Dismissed - Frivolous
06-cv-143-JHP-FHM Anthony C Kenney v. Gill et al
    IFP Granted
    Dismissed - Frivolous
06-cv-144-JHP-saj Anthony C Kenney v. Harmon et al
    IFP Granted
    Dismissed - Frivolous
06-cv-159-JHP-FHM Anthony C Kenney v. Egan et al
    IFP Granted
    Dismissed - Frivolous
06-cv-585-GKF-FHM Anthony C Kenney v. Trinity Industries, Inc. et al
    IFP Granted
    Dismissed - Failure to state a claim
06-cv-586-GKF-FHM Anthony C Kenney v. Valmont Industries, Inc. et al
    IFP Granted
    Dismissed - lack of subject matter jurisdiction
06-cv-611-TCK-PJC Anthony Kenney v. Debit Card Support Services Vipcard Inc
    IFP Granted
    Dismissed - Failure to prosecute
06-cv-612-GKF-PJC Anthony Kenney v. PCIDC Student Loan Inc
    IFP Granted
    Dismissed - lack of subject matter jurisdiction, motions deemed confessed (failure/respond)
07-cv-104-GKF-PJC Anthony Kenney v. Professional Welding et al
    IFP Granted
    Dismissed - failure to state claim
07-cv-105-TCK-FHM Anthony Kenney vs. Stand by Personnel et al
    IFP Granted
    Dismissed - Failure to prosecute, failure/respond to motions
07-cv-350-GKF-saj Anthony C Kenney v. Gas Tech Engineering Corp Human Resource
    IFP denied - wrong form
    Dismissed - for Failure to submit proper IFP
07-cv-351-TCK-PJC Anthony C Kenney v. NICS Appeal Dividsion FBI Information Svcs Clarksburg
    IFP Granted
    Dismissed - Failure to prosecute
07-cv-637-TCK-PJC Anthony Kenney v. Alorica Inc
    IFP Denied
    Dismissed - Failure to cure IFP deficiency
07-cv-701-TCK-FHM Anthony Kenney v. SRC Aetna Company
    IFP Denied
    Dismissed - Failure to cure IFP deficiency

08-cv-045-CVE-PJC Anthony Kenney v. Board of Review Oklahoma Security Commission
    IFP Denied
    Dismissed - lack of subject matter jurisdiction
09-cv-478-CVE-FHM Anthony C Kenney v. Facilities Performance Group et al
    IFP Moot
    Dismissed - Failure to state claim
09-cv-745-GKF-TLW Anthony Kenney v. Board of Review Oklahoma Employment Sec Com
    IFP denied
    Dismissed - lack of subject matter jurisdiction
09-cv-746-JHP-PJC Anthony Kenney v. Central States Indemnity Co of Omaha
    IFP Granted
    Dismissed - lack of subject matter jurisdiction
10-cv-088-CVE-TLW Anthony Kenney v. Rose Rock Apts
    IFP Granted
    Dismissed - lack of subject matter jurisdiction
10-cv-137-JHP-PJC Anthony Kenney v. Oklahoma Comptroller
    IFP Pending
10-cv-173-CVE-FHM Anthony Kenney v Faulkner County Circuit Court
    IFP Granted
    Dismissed - Failure to state a claim, lack of subject matter jurisdiction
10-cv-186-JHP-TLW Anthony Kenney v. Swift Inc Sterling Bank & Chairman Doluney Bridwarter
    IFP Pending
10-cv-193-TCK-FHM Anthony Kenney v. Labor Ready
    IFP Granted
    Dismissed - Failure to state a claim
10-cv-194-CVE-PJC Anthony Kenney v. Labor Finders Inc
    IFP Granted
    Dismissed - failure to state comprehensible claim
10-cv-486-JHP-FHM Anthony Kenney v. Pettigrew
    IFP Pending
10-cv-487-CVE-PJC Anthony Kenney v. Travelers Indemnity Insurance Co et al
    IFP Granted
    Dismissed - lack of subject matter jurisdiction
    Appeal filed (IFP on appeal granted)
10-cv-515-TCK-FHM Anthony Kenney v. Swift Trans Inc et al
    IFP Granted
    Dismissed - Failure to state a claim
10-cv-516-TCK-FHM Anthony Kenney v. Meacham
    IFP Granted
    Dismissed - Failure to state a claim
10-cv-562-JHP-TLW Anthony Kenney vs. ABM Janitorial Services, et al.
    IFP Pending
10-cv-563-TCK-TLW Kenney vs. Cavalry Portfolio Services, et al.
    IFP Pending